Filed 5/26/22  P. v. Brownlee CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C093747 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-1991-5862, SC049463A) |
| v. | |
| JAMES BROWNLEE, | |
| Defendant and Appellant. | |

In 1991, defendant James Brownlee was convicted of second degree murder (Pen. Code, § 187)[1] with an enhancement that a principal to the offense was armed with a firearm (§ 12022, subd. (a)), crimes for which he received a sentence of 16 years to life. As recounted in our unpublished opinion upholding this conviction, defendant was

---

[1]     Undesignated statutory references are to the Penal Code.

1

drinking beer outside a supermarket with a minor named Freddie.  Freddie was speaking to two girls who had driven up in a car, when another man walked up and banged on the car's window.  Freddie and the man exchanged words, and the man's friend pointed a gun at Freddie from a truck parked nearby and told Freddie to back off.  The girls drove away and Freddie told defendant about the man with the gun.

"Defendant retrieved a shotgun from his car, asked Freddie if he wanted to 'handle it' and gave him the shotgun.  Freddie thereafter shot the victim fatally in the head.  The shotgun jammed and Freddie gave it to defendant, who unjammed it and returned it to Freddie.  As Freddie prepared to fire a second shot a bystander shouted 'one time,' a localism which means that a police car is approaching.  The next day police arrested Freddie."  (*People v. Brownlee* (Oct. 30, 1992, C011417) [nonpub. opn.].)

On October 30, 2019, defendant filed a petition for resentencing pursuant to section 1170.95 in light of the changes brought about by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which amended sections 188 and 189 to limit the scope of accomplice liability for murder by narrowing the applicability of the felony-murder rule and eliminating the natural and probable consequences doctrine.  (See *People v. Gentile* (2020) 10 Cal.5th 830, 842-844 (*Gentile*).)  The trial court found defendant had made a prima facie showing, issued an order to show cause, and appointed counsel.

On April 1, 2020, the People filed an informal response to defendant's petition, arguing defendant was not factually entitled to relief because he aided and abetted the actual killer and had acted with implied malice.

At the February 1, 2021 motion setting hearing, the People argued once again that defendant had been a direct aider and abettor and that his handing the gun to Freddie evinced a "conscious disregard for life," especially since defendant cleared the gun when it jammed, thus constituting implied malice.  As such, defendant was not entitled to relief.  Nonetheless, the People failed to correct the trial court's apparent misunderstanding at that hearing that a felony-murder analysis should be applied to the case.  Defense counsel

also did not correct the trial court and instead requested that a hearing be set on the petition as soon as possible without defendant's presence, in accordance with defendant's written directions to him.

At the hearing on February 8, 2021, the parties submitted the matter without further briefing, argument, or evidence, and the court denied the petition. In explaining the denial, the court found that the circumstances relayed in the appellate opinion showed "defendant [was] acting as a major participant in the underlying felony and acting with reckless indifference to human life." The court continued: "Now, the areas of liability that still exist after the change in the law . . . where the person was a major participant in the underlying felony, and [defendant] most certainly was, and acting with reckless indifference to human life as indicated, and I don't wish to belabor this, but, by, you know, basically encouraging Fredd[ie] to take care of it and following through, not with just words but with action of retrieving the shotgun, giving it to Fredd[ie] who then kills this other person right away, and then when the shotgun jams, the defendant gets the shotgun back from Fredd[ie], then he unjams it and gives it back to Fredd[ie]. And it looks like Fredd[ie] was ready to fire that second shot until this police car may have showed up on the scene."

The court concluded: "So basically, I'm going to find that the petition does not merit, okay, any further review and I'm going to deny the petition in that—for that factual basis and establish the law. [¶] [Defendant] [was] most certainly an active participant, a major participant, and acted with reckless indifference to human life, really in two regards here; one for the victim that tragically died, and two, for another potential victim that may have occurred given his actions. So that will be the ruling on the case."

Defendant timely appealed this denial. He argues in pertinent part that the trial court erred in applying the felony-murder theory to his section 1170.95 resentencing request because he was not tried, nor could he be tried, for felony murder; rather, he was tried for second degree murder as an aider and abettor under the natural and probable

3

consequences doctrine. The People agree that the trial court erred in applying a felony-murder rule analysis to defendant's petition, necessitating remand for a new hearing. Because we agree with the parties, we need not address defendant's remaining arguments.

## DISCUSSION

Senate Bill 1437, which took effect on January 1, 2019, limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder, to ensure that a person's sentence is commensurate with his or her individual criminal culpability. (*Gentile, supra*, 10 Cal.5th at pp. 842-844.) As relevant to this appeal, natural and probable consequences and direct aiding and abetting were two different forms of aider and abettor liability. (*People v. Chiu* (2014) 59 Cal.4th 155, 158 (*Chiu*), superseded by Senate Bill 437, as stated in *People v. Lewis* (2021) 11 Cal.5th 952, 959, fn. 3 (*Lewis*); *People v. Chavez* (2018) 22 Cal.App.5th 663, 682-683.) Under the natural and probable consequences doctrine, a person who knowingly aided and abetted a crime, the natural and probable consequence of which was murder, could be convicted of not only the target crime, but also of the resulting murder, irrespective of whether he or she harbored malice aforethought. (*Gentile*, at p. 845.) In *Chiu*, the Supreme Court "held that the natural and probable consequences doctrine cannot support a conviction for first degree premeditated murder." (*Gentile*, at p. 845; see *Chiu, supra*, at p. 167.) Senate Bill 1437 went further, amending section 188 to now provide that "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.

Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2; *Gentile*, at p. 846.)[2]

The criminal liability of direct aiders and abettors did not change under Senate Bill 1437. (*Gentile, supra*, 10 Cal.5th at p. 848; *People v. Offley* (2020) 48 Cal.App.5th 588, 595-596.) Such persons who—by act or advice—aid, promote, encourage or instigate the commission of murder, with knowledge of the direct perpetrator's criminal purpose and with intent to commit, encourage or facilitate the commission of murder, remain criminally liable for murder. (*Offley, supra*, at pp. 595-596; see *Chiu, supra*, 59 Cal.4th at pp. 161, 166-167.) Malice for these purposes may be "implied when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart." (§ 188, subd. (a)(2); see *People v. Powell* (2021) 63 Cal.App.5th 689, 712, 714 [recognizing the viability of a direct aiding and abetting implied malice murder theory of guilt].)

Senate Bill 1437 also "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief . . . ." (*Gentile, supra*, 10 Cal.5th at p. 843.) Section 1170.95, subdivisions (b) and (c) create a two-step process for evaluating a petitioner's eligibility

---

[2] Senate Bill 1437 also amended the felony-murder rule by adding subdivision (e) to section 189, which states: " 'A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.' " (*Gentile, supra*, 10 Cal.5th at p. 842.) Because defendant was not prosecuted for felony murder, nor could he be (see *People v. Baker* (2021) 10 Cal.5th 1044, 1105-1106 [recognizing second degree felony murder may not be premised upon assault with a deadly weapon]), these requirements are not at issue in this case.

for relief. (*Lewis, supra*, 11 Cal.5th at pp. 960-962.) First, the trial court determines whether the petition is facially sufficient under section 1170.95, subdivision (b). (*Lewis*, at p. 960.) If the petition is facially sufficient, then the trial court moves on to subdivision (c), appointing counsel (if requested) and following the briefing schedule set forth in the statute. (*Lewis*, at p. 961.) Following the completion of this briefing, the trial court then determines whether the petitioner has made a prima facie showing that he or she is entitled to relief. (*Ibid*.)

As the Supreme Court recently explained, "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' [Citations.]" (*Lewis, supra*, 11 Cal.5th at p. 971.)

Shortly before defendant filed his opening brief in this matter, the Governor approved Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, §§ 1-2). In pertinent part, this legislation, which took effect on January 1, 2022, amends section 1170.95 to "[c]odif[y] the holdings of [ ] *Lewis*[*, supra*,] 11 Cal.5th [at pages] 961-970, regarding [a] petitioner['s] right to counsel and the standard for determining the existence of a prima facie case" and to "[r]eaffirm[ ] that the proper burden of proof at a

resentencing hearing under this section is proof beyond a reasonable doubt." (Stats. 2021, ch. 551, § 1; Cal. Const., art. IV, § 8.)

Here, the parties agree that reversal and remand is required because the trial court inappropriately applied a felony-murder rule analysis to this case. We concur. Defendant was not prosecuted for felony murder, nor could he be. (See *People v. Baker, supra*, 10 Cal.5th at pp. 1106-1107 [recognizing second degree felony murder may not be premised upon assault with a deadly weapon].)[3] Accordingly, we will reverse and direct the trial court to conduct further proceedings consistent with this opinion. In so doing, we highlight the propriety of *formal* briefing by the parties to provide both argument and evidence in support of their respective positions regarding defendant's current guilt for second degree, implied malice murder.[4] (See §§ 187, 188, subd. (a)(2); CALCRIM No. 520.) These proceedings shall be consistent with the requirements of amended section 1170.95, subdivision (d) in order to determine whether the People have met their burden to show "beyond a reasonable doubt" that defendant "is guilty of murder . . . under

---

[3]   Given our conclusion, we need not decide whether second degree felony murder survived Senate Bill 1437's amendments. (See *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1142, fn. 3 [questioning, but not deciding, whether Senate Bill 1437 abrogated second degree felony murder].)

[4]   The informal briefing previously filed by defendant's attorney was prepared by defendant, not counsel, and, as such, was less than instructive on whether he was actually entitled to the relief he was seeking. In light of amended section 1170.95, subdivision (d)(3)'s clarifications regarding the admissibility of evidence and what may be properly considered at the hearing on the merits, the People may wish to identify evidence in the previous appellate record supporting the factual statements made by this court in its prior appellate decision upholding defendant's conviction. (See *People v. Clements* (2022) 75 Cal.App.5th 276, 292 [the Legislature's allowing a trial court to consider the procedural history of a prior appellate opinion "indicates the Legislature has decided trial judges should not rely on the factual summaries contained in prior appellate decisions when a section 1170.95 petition reaches the stage of a full-fledged evidentiary hearing"].)

7

California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (d)(3).)

## DISPOSITION

The trial court's order denying defendant's section 1170.95 petition is reversed and the matter is remanded with directions for the trial court to conduct further proceedings consistent with this decision.


                                                       _____KRAUSE_____, J.


We concur:


_____ROBIE_____, Acting P. J.


_____HOCH_____, J.

8